UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | ) | |
| CHARLES BROOKS | ) | Case Number |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | JURY TRIAL DEMANDED |
| AND | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Charles Brooks, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

## I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Charles Brooks (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant has a principal place of business located in this District.

## III.     PARTIES

4.     Plaintiff, Charles Brooks, is an adult natural person residing at 1513 Sutton Meadow Lane, Cordova, TN 38016.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, NCO Financial Systems, Inc. ("NCO") at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Tennessee and the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6.     Defendant, Bank of America, N.A., ("B of A") at all times relevant hereto, is and was a banking corporation with core services that include consumer and small business banking, credit cards, and asset management. Defendant is also engaged in the business of collection on said credit cards in the Commonwealth of Pennsylvania with a principal place of business located at 805 Main Street, East Hartford, CT 06108.

7.     Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

8.     Plaintiffs retained a law firm to assist them in resolving personal financial issues.

9.      Defendant, NCO was attempting to collect a debt owed by Plaintiff in the amount of $6,816.63 due to Defendant, B of A.

10.     In or around July 2010, Plaintiff's attorney, on behalf of Plaintiff, entered into a settlement agreement with Defendant, NCO.

11.     Plaintiff's attorney agreed to a settlement amount of $2,215.72 on behalf of Plaintiff.

12.     On or around July 7, 2010, Defendant, NCO sent a letter to Plaintiff's attorney confirming the settlement agreement set forth during their previous phone conversation.  **See Exhibit "A" attached hereto.**

13.      Defendant, NCO's aforementioned letter states that Plaintiff must remit the first payment in the amount of $170.44 by July 9, 2011 and all payments thereafter must be made on or before the 25th of each month beginning with July 25, 2010 and the final payment to be made no later than June 25, 2011 for a total of 12 payments of $170.44.

14.     Defendant, NCO accepted and cashed the first seven payments made by Plaintiff's attorney on behalf of Plaintiff.  **See Exhibit "B" attached hereto.**

15.     In or around January 2011, Defendant, NCO returned Plaintiff's January check for $170.44.  **See Exhibit "C" attached hereto.**

16.     In Defendant, NCO's letter dated January 27, 2011 that went along with Plaintiff's returned check, Defendant, NCO stated that the account was closed in Defendant, NCO's office and that no further amount is due to Defendant, NCO.  **See Exhibit "D" attached hereto.**

17.     Plaintiff's attorney attempted to send a February payment to Defendant, NCO on behalf of Plaintiff but again received the returned check and a duplicate of the aforementioned letter and was dated February 22, 2011.  **See Exhibit "E" attached hereto.**

18.     On or around March 22, 2011, Defendant, NCO sent a letter to Plaintiff's attorney stating that Defendant, NCO is unable to process Plaintiff's enclosed check due to Plaintiff's account being closed with Defendant, NCO and that all future payments need to be sent directly to Defendant, B of A.  **See Exhibit "F" attached hereto.**

19.     Plaintiff's attorney was never notified prior to Defendant, NCO closing Plaintiff's account and forwarding the account back to Defendant, B of A.

20.     Plaintiff, by and through Plaintiff's attorney, entered into an agreement with Defendant, NCO to pay off an alleged debt through Defendant, NCO but Defendant, NCO failed to follow through.

21.     Defendant's July 7, 2010 letter in which Defendant, NCO notified Plaintiff of their acceptance of the settlement agreement, Defendant, NCO never stated that the terms could be revoked at any time and the account could be sent back to Defendant, B of A.

22.      Plaintiff would presently have the account paid in full with only one month's payments remaining had Defendant, NCO followed through with their end of the agreement.

23.     The Defendants knew or should have known that their actions violated the FDCPA.  Additionally, Defendants could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24.     At all times pertinent hereto, Defendants were acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

25.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA
## Plaintiff v. Defendant, NCO

26.     The above paragraphs are hereby incorporated herein by reference.

27.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d:     Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e:     Any other false, deceptive, or misleading representation or means in connection with the debt collection

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:        Any unfair or unconscionable means to collect or attempt to

collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her

favor and against NCO Financial Systems, Inc. for the following:

a.       Actual damages;

d.       Statutory damages pursuant to 15 U.S.C. §1692k;

c.       Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

d.       Such addition and further relief as may be appropriate or that the interests of

justice require.

## COUNT II  - BREACH OF CONTRACT

### Plaintiff v. Defendants

29.      The above paragraphs are hereby incorporated herein by reference.

30.      The facts set forth herein establish that there was a contractual relationship

between the parties, whereby the Defendants promised to Plaintiff the opportunity to

participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered

and agreed to participate in the settlement.

31.      Defendants are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendants, NCO Financial Systems, Inc. and Bank of America, N.A., for the following:

a.       Actual damages;

b.       Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  May 24, 2011**          **BY: */s/Bruce K. Warren BKW4066***
Bruce K. Warren, Esquire

**BY: */s/Brent F. Vullings BFV8435***
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff